IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

FLOYD L. FREEMAN                                                                   PLAINTIFF

v.                                    5:08CV00277SWW/JTK

CORRECTIONAL MEDICAL
SERVICES, INC., et al.                                           DEFENDANTS

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.     Why the record made before the Magistrate Judge is inadequate.

    2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of

>     proof, and a copy, or the original, of any documentary or
>     other non-testimonial evidence desired to be introduced at
>     the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>     Clerk, United States District Court
>     Eastern District of Arkansas
>     600 West Capitol Avenue, Suite A149
>     Little Rock, AR 72201-3325

## **DISPOSITION**

### I. Introduction

This matter is before the Court on defendant's motion for summary judgment (Doc. No. 83). Plaintiff has filed a response in opposition to the motion (Doc. No. 90).

Plaintiff is a former inmate who filed this action while incarcerated at the Randall L. Williams Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his Eighth Amendment right by defendants with respect to his medical care and treatment for lung and kidney ailments. Plaintiff originally named several defendants in his original and amended complaints, but the only remaining defendant is Correctional Medical Services, Inc. (CMS), the contracted medical care provider for the ADC. Plaintiff asks for monetary relief from the defendant.

### II. Summary Judgment Motion

A. Defendant's Motion

In support of the motion, defendant states plaintiff's complaint should be dismissed because his allegations against CMS are based solely on its employment of Dr. Antosh, a former defendant

who treated plaintiff while he was incarcerated.[1]   Defendant states respondeat superior liability is not applicable in this § 1983 action, and plaintiff has not alleged or provided any support that his alleged constitutional deprivation was the result of an unconstitutional policy or custom of CMS. Defendant cites in support <u>Patzner v. Burkett</u>, 779 F.2d 1353, 1367 (8th Cir. 1985), and provides a copy of plaintiff's deposition in which he states the whole reason behind his lawsuit is that CMS employed Dr. Antosh and her hands were tied by their rules and regulations.  Plaintiff states in his deposition that CMS is "liable for...their employees."  Doc. No. 83, Ex. A, p. 10.  Defendant also states plaintiff's complaint constitutes a disagreement over the medical treatment provided to him, which fails to give rise to a constitutional violation, <u>citing</u> <u>Bender v. Regier</u>, 385 F.3d 1133, 1137 (8th Cir. 2004).  Finally, defendant states plaintiff fails to state how the treatment for his lung and kidney ailments adversely affected his health or prognosis, and therefore, his complaint should be dismissed.

B.  Plaintiff's Response

In his response, plaintiff states while he was incarcerated defendant CMS continued to push back the treatment for a neck ailment and would not repeat CT scans on his lungs and kidneys.  He also clarifies that he continues to receive treatment at the VA hospital with CT scans.

C.  Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See <u>Dulaney v. Carnahan</u>, 132 F.2d 1234, 1237 (8th Cir. 1997).  "The moving party bears

---

[1] Dr. Antosh passed away on November 10, 2009, and was dismissed from this action on June 15, 2010.

the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

D.  Analysis

In plaintiff's deposition, plaintiff states that lymph node surgery on his neck which he received while incarcerated was successful, but that it took too long to receive it. He also acknowledges Dr. Antosh prescribed him an inhaler for his lung condition (he continues to smoke ½ pack of cigarettes per day), and that he continues to be treated for kidney and lung problems at the VA. He also stated he has received no indication of any cancer or growths with respect to either condition.

As noted by the defendant, supervisor liability is limited in § 1983 actions, and a supervisor can not be held liable on a theory of respondeat superior for his or her employee's allegedly unconstitutional actions. See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994). A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation. Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993). In addition, a corporation acting under color of state law (such as defendant

CMS) will only be held liable for its own unconstitutional policies and can not be held liable under a respondeat superior theory. Sanders v. Sears Roebuck & Company, 984 F.2d 972 (8th Cir. 1993). In this case, plaintiff clearly attempts to hold defendant CMS liable as respondeat superior, and does not allege an unconstitutional policy, or a series of events from which this court could infer the existence of a policy that resulted in the alleged violation. In addition, the Court finds that any allegations concerning plaintiff's treatment by Dr. Antosh constitute a disagreement over his treatment, which does not give rise to a constitutional claim. See Bender v. Regier, supra, 385 F.3d at 1137. Accordingly,

IT IS, THEREFORE, ORDERED that defendant's motion for summary judgment (Doc. No. 83) is hereby GRANTED, and plaintiff's complaint is hereby DISMISSED with prejudice.

IT IS SO ORDERED this 23rd day of July, 2010.

_____
United States Magistrate Judge